**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LESLY XIOMARA VILLEDA-MELARA; et al., | No. 07-72160 |
| Petitioners, | Agency Nos. A098-599-022<br>A098-599-023 |
| v. | A098-599-024<br>A098-599-025 |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 20, 2011[**]

Before:     RYMER, THOMAS, and PAEZ, Circuit Judges.

Lesly Xiomara Villeda-Melara, Karla Yolanda Villeda-Melara, Seila Zulema

Villeda-Melara, and Carmen Maria Villeda-Melara, all natives and citizens of

Honduras, petition for review of the Board of Immigration Appeals' ("BIA") order

dismissing their appeal from an immigration judge's decision denying their

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

applications for asylum and withholding of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's finding that Karla and Lesly failed to establish past persecution or a well-founded fear of persecution on account of a protected ground. *See Parussimova v. Mukasey*, 555 F.3d 734, 740-41 (9th Cir. 2009) ("[t]he Real ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"). Petitioners' contention that they are members of a particular social group comprised of "young women opposed to gang violence" was not raised to the agency. *See Velasco-Cervantes v. Holder*, 593 F.3d 975, 978 n.3 (9th Cir. 2010) (no jurisdiction to review unexhausted political opinion claim). In addition, we lack jurisdiction to review any challenge to the agency's denial of Seila's and Carmen's asylum applications because they did not exhaust the issues before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004). Accordingly, the petitioners' asylum claims fail.

07-72160

Because petitioners failed to meet the lower burden of proof for asylum, their claims for withholding of removal necessarily fail.  *See Zehatye*, 453 F.3d at 1190.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**